## McGRAW-HILL COS., INC. *v.* PROCTER & GAMBLE CO. ET AL.

No. A–276.   Decided September 21, 1995

JUSTICE STEVENS, Circuit Justice.

On September 19, 1995, petitioner, the publisher of Business Week magazine, filed with me in my capacity as Circuit Justice for the Sixth Circuit a hastily prepared document entitled "Application to Stay Restraining Order Pending Certiorari." The caption of the document recites: "On Petition for a Writ of Certiorari to the Court of Appeals for the Sixth Circuit." The conclusion of the document asks me to stay the "outstanding prior restraint" against petitioner effected by an order entered by the United States District Court for the Southern District of Ohio, Western Division, on September 13. That order restrains petitioner from publishing an article containing "any disclosure of documents filed under seal, or the contents thereof, without the prior consent" of the District Court. Petitioner requests that a

stay of the District Court order "be granted pending its filing of and this Court's ultimate determination of a petition for a writ of certiorari."

It appears that the District Court order of September 13 was entered without notice to petitioner and that it was not supported by the findings of fact required by Rule 65(b) of the Federal Rules of Civil Procedure. I assume, therefore, that if petitioner had filed a prompt motion to dissolve the order, the District Court would have granted that relief, or if it had refused to do so, the Court of Appeals would have had jurisdiction to address the merits of the restraint. Petitioner, however, filed an expedited appeal in the Sixth Circuit, and, on September 19, that court dismissed the appeal on the ground that it did not have jurisdiction to review the merits of the restraining order.

The stay application that petitioner has filed with me indicates that it will seek review by writ of certiorari of the Court of Appeals' jurisdictional holding, but the arguments advanced in the application address the merits of the District Court's order. The application does not explain why there is a substantial basis for concluding that the Court of Appeals erred, or that four Justices of this Court would grant certiorari to review the jurisdictional issue. Moreover, a stay is not necessary to preserve this Court's jurisdiction to review the Court of Appeals' decision; indeed, if the requested stay were granted, any possible review of that decision would probably become moot.

In its discussion of the merits of the District Court's order, petitioner explains that the documents whose contents it wants to publish were attachments to a motion filed by Procter & Gamble in the District Court on September 1, 1995. Referring to that motion, petitioner states:

"The motion was not filed under seal with the district court and there is no indication anywhere on the motion itself that any of the described attachments were being

filed under seal." Application to Stay Restraining Order Pending Certiorari 4.

That statement appears to have been intended to give me the impression that petitioner's agents obtained knowledge of the contents of the attachments either (1) without any notice that they were filed under seal, or (2) under the legitimate belief that their filing in court without any effort to preserve their confidentiality had the effect of placing their contents in the public domain. The memoranda filed in opposition to the stay application indicate that I may have been misled by the foregoing statement and that disputed issues of fact should be resolved before expressing an opinion on the important constitutional issue that petitioner argues in its stay application. The statement that I have quoted above seems to acknowledge that the manner in which petitioner came into possession of the information it seeks to publish may have a bearing on its right to do so.

Even if I have jurisdiction to pass on the merits of the District Court's order of September 13—a matter which is doubtful at best—I am satisfied that the wiser course is to give the District Court an opportunity to find the relevant facts, and to allow both that court and the Court of Appeals to consider the merits of the First Amendment issue before it is addressed in this Court. The stay application is, accordingly, denied.